IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DUKHAN IQRAA JIHAD MUMIN,

            Petitioner,

vs.

HAROLD W. CLARKE,

            Respondent.

4:04CV3058

**MEMORANDUM AND ORDER**

This closed federal habeas matter under 28 U.S.C. § 2254 is before the court on Petitioner Dukhan Mumin's ("Petitioner" or "Mumin") Request for Relief from Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (filing no. 27) and Request for Recusal (filing no. 28). For the reasons explained below, both motions will be denied.

## I. BACKGROUND

The court, in a decision by Judge Joseph F. Bataillon, denied Mumin habeas relief on July 12, 2004. (Filing No. 11; Filing No. 12.) In that ruling, the court determined that Mumin's habeas petition was barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). (Filing No. 11.) Mumin appealed to the Eighth Circuit Court of Appeals which denied his application for a certificate of appealability and dismissed his appeal. (Filing No. 23.)

On June 14, 2018, Mumin filed a "Request for Relief of Judgment Under Rule 60(b)(4)" which was docketed as a new petition for writ of habeas corpus in Case Number 8:18CV271. (Filing No. 1, Case No. 8:18CV271.) In this pleading, Mumin alleged his November 13, 1998 conviction for criminal conspiracy to commit forgery in the second degree, a Class III felony, was void and sought to have his conviction set aside pursuant to Fed. R. Civ. P. 60(b)(4). Mumin

acknowledged that he had previously unsuccessfully challenged his 1998 conviction in the present case, but, as the court noted, Mumin sought "relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure as a standalone request and ha[d] not sought to raise his present request for relief in his closed federal habeas case, 4:04CV3058, which challenged the same judgment of conviction." (Filing No. 6 at CM/ECF p. 2, Case No. 8:18CV271.) The court denied Mumin relief on the grounds that Rule 60(b)(4) could not be used to challenge criminal judgments or state judgments of any sort in federal court. (*Id*.) In addition, even if Mumin's Rule 60(b)(4) motion was construed as a § 2254 habeas petition, it would be barred as an unauthorized successive petition. (*Id*. at CM/ECF p. 3.) Mumin appealed this decision to the Eighth Circuit which denied his application for a certificate of appealability and dismissed his appeal. (Filing No. 13, Case No. 8:18CV271.)

Shortly after the court rendered its decision in 8:18CV271, Mumin filed the present motion for post-judgment relief pursuant to Rule 60(b)(4) in this case on July 30, 2018. (Filing No. 27.) Mumin asks the court to reopen his habeas case for the following reasons:

> 1. The ruling by this Court in the above mentioned case was void, lacked jurisdiction, and acted in a manner inconsistent with due process.
>
> 2. Petitioner alleged in the original action that the judgment rendered by the state court was void. That would automatically equate to no court thereafter having jurisdiction.
>
> 3. This Court in that action lacked jurisdiction to adjudicate the rights of Mumin, and acted in a manner inconsistent with due process by doing so.

> 4. Additionally, there is no time limit on the filing of a Rule 60(b) motion if the judgment was void.

(*Id.*) Mumin also filed a Request for Recusal (filing no. 28) seeking to have the undersigned removed from his pending cases.[1]

## II. DISCUSSION

**A. Motion for Relief from Judgment Under Rule 60(b)(4)**

Pursuant to Rule 60(b)(4),[2] Mumin seeks to reopen the court's judgment on Mumin's habeas petition on the grounds that this court lacked jurisdiction and its prior ruling was void because the state court criminal judgment is void. Liberally construed, Mumin claims the state judgment is void for lack of jurisdiction because the Information charging Mumin failed to set out facts establishing value as required for a charge of forgery in the second degree. (Filing No. 1 at CM/ECF p. 7; *see also* Filing No. 1, Case No. 8:18CV271.)

The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals under 28 U.S.C. § 2244(b)(3) or, in

---

[1] Mumin filed two other Rule 60(b) motions in his closed habeas cases at 4:16CV3033 and 4:17CV3164.

[2] Rule 60(b)(4) states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void . . . ." Fed. R. Civ. P. 60(b)(4).

3

its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." *Gonzalez [v. Crosby]*, 545 U.S. [524,] 530, 532 [(2005)]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n. 4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].
>
> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

Here, Mumin alleges that the state court lacked jurisdiction to convict him because the Information was fatally defective and, therefore, the judgment is void. Mumin raised this claim as grounds for relief in his habeas petition. Because Mumin reasserts a basis for relief from his state conviction, Mumin's motion must be treated as a second or successive petition under § 2254. *See Ward*, 577 F.3d at 933. Mumin cannot escape the strict requirements for second or successive habeas

4

petitions under 28 U.S.C. § 2244(b) by masking a second habeas petition as a Rule 60(b) motion. Mumin is limited to one habeas corpus petition in this court per conviction, unless the Eighth Circuit Court of Appeals grants him permission to file a second or successive habeas corpus petition relating to the same conviction. *See* 28 U.S.C. § 2244(b). Because he did not obtain advance authorization from the Eighth Circuit Court of Appeals to file the instant motion, the court will dismiss Mumin's motion pursuant to 28 U.S.C. § 2244(b).

Even if the court were to consider Mumin's motion as a proper Rule 60(b) motion, the court would deny it for two reasons. One, it is untimely. Rule 60(b) includes the "requirement that the motion 'be made within a reasonable time.'" *Davis v. Kelley*, 855 F.3d 833, 835 (8th Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Mumin has been aware of his jurisdictional claim since the time he filed his habeas petition in 2004, yet he waited fourteen years to file the present motion. Second, and more importantly, Mumin cannot use Rule 60(b) to attack his state court judgment. "It is well established that a Rule 60(b) motion may not be used to 'relieve a party from operation of a judgment of conviction or sentence in a criminal case.'" *United States v. Shenett*, No. CRIM.A. 05-431 MJD, 2015 WL 3887184, at *2 (D. Minn. June 24, 2015) (quoting *United States v. Hunt,* No. 4:07–CR–121, 2008 WL 4186258, at *1 (E.D.Mo. Sept. 5, 2008) (holding that a defendant's Rule 60(b)(4) motion to vacate criminal judgment "is frivolous because a prisoner may not attack the legality of his conviction through Rule 60(b)")). Rule 60(b)(4) "is a rule of civil procedure and thus not available to challenge criminal judgments, nor may it be used to challenge state judgments of any sort in federal court." *Sherratt v. Friel*, 275 F. App'x 763, 767 n.1 (10th Cir. 2008).

To the extent Mumin relies on Rule 60(b)(4) to challenge the judgment of this court as void for lack of jurisdiction because the state court criminal judgment

5

is void, Mumin's motion is wholly without merit.[3] The court will not allow Mumin to do indirectly what he cannot do directly—that is use Rule 60(b)(4) to attack his state criminal conviction through the guise of attacking federal jurisdiction of an adverse ruling in an action Mumin brought himself pursuant to 28 U.S.C. § 2254.

**B. Request for Recusal**

Mumin set forth in his request for recusal that that "there is an unconstitutional potential for this Judge to be bias[ed] against him" based on the undersigned judge's purported bias against pro se litigants and the comment of one lawyer that the undersigned "goes out of his way to deny relief to a litigant not represented by counsel." (Filing No. 28 at CM/ECF pp. 1–2.)

Section 455(a) sets forth that a federal judge must disqualify himself if "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is "an objective standard for assessing a judge's duty to recuse." *U.S. v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013). "[T]he question is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Id.* (internal quotation marks omitted).

Here, Mumin fails to point to any particular facts that would lead a reasonable, objective person to question the undersigned judge's impartiality in the present action. Moreover, as set forth above, this case must be dismissed because Mumin's Rule 60(b)(4) motion is subject to the requirements for second or successive habeas petitions under 28 U.S.C. § 2244(b) and Mumin failed to obtain

---

[3] The court also notes that Mumin offers no authority in support of his assertion that the state court criminal judgment is void because of the alleged defect in the Information. From the court's own research, the defect alleged by Mumin does not appear to have wholly deprived the state court of jurisdiction to enter an order upon Mumin's no contest plea to conspiracy to commit forgery in the second degree. *See Peterson v. Houston*, 824 N.W.2d 26, 33 (Neb. 2012) ("[E]ven the fact that an information is fatally defective does not deny the trial court jurisdiction to issue any order relating to those purported charges." (internal quotation marks omitted)).

authorization from the Eighth Circuit Court of Appeals to file the instant motion. Accordingly, Mumin's request for recusal is denied.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Request for Relief from Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure (filing no. 27) and Request for Recusal (filing no. 28) are denied.

2. The court will not issue a certificate of appealability in this matter.

Dated this 20th day of November, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge